IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

QUENTIN JETER,

        Plaintiff,

v.

ALLIANCE ONE RECEIVABLES
MANAGEMENT, INC.,

        Defendant.

Case No. 10-2024-JWL

## **MEMORANDUM AND ORDER**

By his complaint, plaintiff asserts claims against defendant under the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* This matter presently comes before the Court on defendant's motion to dismiss plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 6), and plaintiff's motion for leave to file an amended complaint (Doc. # 11). For the reasons set forth below, the Court **denies** defendant's motion to dismiss, and it **grants** plaintiff's motion for leave to amend, subject to the terms set forth herein.

**I.      Motion to Dismiss**

   *A.     Governing Standard*

The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Twombly*, 550 U.S. at 555. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

   *B.     Analysis*

In his original complaint, plaintiff alleges as follows: Defendant's business is the collection of debts owed to others, and defendant is therefore a "debt collector" for purposes of the FDCPA. An unknown person incurred a "debt" under the FDCPA (i.e.,

a financial obligation primarily for personal, family, or household purposes), the debtor defaulted on the obligation, and the debt was placed with defendant for collection. Defendant placed telephone calls to plaintiff attempting to collect this debt, and it continued to do so, continually causing plaintiff's telephone to ring, even after plaintiff advised defendant numerous times that he was not the debtor sought by defendant. Based on these allegations, plaintiff alleges that defendant engaged in harassing or abusive conduct in violation of Section 1692d of the FDCPA; made false or misleading representations in violation of Section 1692e; and used unfair or unconscionable means in violation of Section 1692f. Plaintiff seeks actual damages, statutory damages, and costs and attorney fees.

Defendant argues that plaintiff may not maintain a claim under these sections of the FDCPA because, under the facts as alleged, plaintiff understood that he was not the target of defendant's debt collection activities, and that defendant was targeting the actual debtor instead. Although defendant insists that "federal courts" have reached that conclusion, it cites only a single case (which relied on two other cases) in support of its position. In *Kaniewski v. National Action Financial Services*, 678 F. Supp. 2d 541 (E.D. Mich. 2009), the court granted the defendant summary judgment on the plaintiff's claims that the defendant had violated the FDCPA by sending automated telephone messages concerning a debt owed by another. *See id.* First, the court held that the plaintiff lacked standing to bring claims under Sections 1692c and 1692g of the FDCPA because he was not the debtor and thus was not a "consumer" as defined in the statute, as required for

3

violations of those sections. *See id.* at 545. The court concluded that plaintiff did have standing to assert a claim under Section 1692d because that section applies to "any person" and not only to "consumers". *See id.* The court then considered plaintiff's claims under Sections 1692e and 1692f under the prevailing objective "least sophisticated consumer" standard. *See id.* at 546.[1] The court noted that in two other cases, the courts had not allowed such claims when the plaintiff had known that the communications from the defendant were not directed at him, and the *Kaniewski* court agreed with the reasoning of those courts. *See id.* at 546 (citing *Kujawa v. Palisades Collection, L.L.C.*, 614 F. Supp. 2d 788 (E.D. Mich. 2008) and *Hill v. Javitch, Block & Rathbone, LLP*, 574 F. Supp. 2d 819 (S.D. Ohio 2008)). Finally, the court stated that the plaintiff's Section 1692d claim would likely fail for the same reason, although it ordered additional briefing on that question. *See id.* at 546-47.

Based on *Kaniewski* and the two cases cited therein (*Kujawa* and *Hill*), defendant here argues that plaintiff cannot maintain claims under Sections 1692d, 1692e, and 1692f because the least sophisticated consumer would have realized, and plaintiff did in fact realize, that he was not the target of defendant's debt collection efforts. The courts in *Kaniewski* and *Kujawa*, however, did not identify any text in the statute itself that

---

[1] *See Ferree v. Marianos*, 1997 WL 687693, at *1-2 (10th Cir. Nov. 3, 1997) (unpub. op.) (noting that other circuits have applied an objective "least sophisticated consumer" standard to FDCPA claims and applying the standard to the claims before it); *Caputo v. Professional Recovery Servs., Inc.*, 261 F. Supp. 2d 1249, 1255 (D. Kan. 2003) (Crow, J.) (applying "unsophisticated consumer" standard to FDCPA claims).

supports the imposition of a general requirement under the FDCPA that the plaintiff have been the intended target of the attempted debt collection—in other words, the actual debtor, *see id.* at 546; *Kujawa*, 614 F. Supp. 2d at 791-92 (citing no authority for holding); and *Hill* involved only Section 1692f(1), which is not at issue in the present case, *see Hill*, 574 F. Supp. 2d at 825-26. Thus, the Court is not persuaded by the results in those cases.

In fact, the language of the statute undermines defendant's argument. The statute defines "consumer" to mean "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). In authorizing a private right of action, however, the FDCPA does not allow claims only by "consumers"; rather, the statute imposes liability on any debt collector who fails to comply with the statute's provisions "with respect to any person." 15 U.S.C. § 1692k(a). Some of those provisions apply only to "consumers", *see, e.g.*, *id.* §§ 1692c(a), 1692g, 1692h, but the provisions cited by plaintiff in his complaint contain no such limitation, *see id.* §§ 1692d, 1692e, 1692f. In fact, Section 1692d generally prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse *any person* in connection with the collection of a debt," *id.* § 1692d (emphasis added), with a specific prohibition against "[c]ausing a telephone to ring or engaging *any person* in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass *any person at the called number*," *id.* 1692d(5) (emphases added). Thus, there is no basis in the statute for imposing a general requirement for the assertion of claims under Sections 1692d, 1692e, and 1692f that the

5

plaintiff be the actual debtor targeted by the defendant debt collector.

Moreover, plaintiff has cited a number of cases in which courts have confirmed that non-debtors may assert claims under the FDCPA. *See, e.g.*, *Montgomery v. Huntington Bank*, 346 F.3d 693, 697 (6th Cir. 2003) (Section 1692d and 1692e are not limited to "consumers"; son of debtor could bring claim for damages from repossession of debtor's car); *Wright v. Finance Serv. of Norwalk, Inc.*, 22 F.3d 647, 649-50 (6th Cir. 1994) ("absent a limitation in the substantive provisions, the ordinary and common understanding of § 1692k is that any aggrieved party may bring an action under § 1692e;" claim was not limited only to the addressee of the offending letters).[2] Courts have also reached this conclusion, based on the language of the statute, in cases like the one at bar, involving telephone calls to the wrong person. *See Kerwin v. Remittance Assistance Corp.*, 559 F. Supp. 2d 1117, 1123 (D. Nev. 2008) (permitting claim under Section 1692d of the FDCPA based on telephone calls to the wrong number); *Bank v. Pentagroup Fin., LLC*, 2009 WL 1606420, at * 5 (E.D.N.Y. June 9, 2009) (same). Considering the actual language of the FDCPA, the Court finds these cases more

---

[2]The *Kaniewski* court cited these cases from the Sixth Circuit, within which it sits, in addressing standing, but then separately imposed the general requirement that the plaintiff must have believed that he was the target of the debt collection. The Court does not agree that these issues may be separated in this fashion. The FDCPA does not contain the additional general limitation imposed in *Kaniewski*, and the statute's language permitting claims by "any person" and prohibiting certain conduct with respect to "any person" indicates that an aggrieved person may bring a claim even if he knew that the defendant was contacting the wrong person.

persuasive than *Kaniewski*.[3]

Finally, the Court notes that its interpretation is supported by the FDCPA's broad purpose of eliminating abusive debt collection practices, *see* 15 U.S.C. § 1692(e), as well as its legislative history. *See Wright*, 22 F.3d at 650 (citing purpose and legislative history, in addition to text of statute, for holding that non-debtors may bring claims under FDCPA). One court cited that legislative history as follows:

> The legislative history of the FDCPA supports this reading of the Act. As noted by House Report 95-131a;
>
> This bill also protects people who do not owe money at all. In the collector's zeal, collections effort[s] are often aimed at the wrong person either because of mistaken identity or mistaken facts. This bill will make collectors behave responsibly towards people with whom they deal. Another group of people who do not owe money, but who may be deliberately harassed are the family, employer and neighbors of the consumer. These people are also protected by this . . . bill.
>
> H.R. Rep. No. 131, 95th Cong. 1st Sess. 8. It was Congress's intent to protect people other than debtors, such as [the plaintiff], who are subject to harassment by debt collectors. *See also* S. Rep. No. 382, 95th Cong. 1st Sess. 4 *reprinted in* 1977 U.S. Code Cong. & Admin. News 1695, 1699 (noting one purpose of Act is to prevent debt collectors from "dunning the wrong person . . ."); H.R. Rep. No. 1202, 94th Cong. 2d Sess. 5 ("Certainly a person who has a common name and is being hounded by a debt collector because of the debts of another person deserves the protection this legislation will offer.").

---

[3]The Court is not moved by defendant's dismissal of the numerous cases cited by plaintiff as cases primarily decided on summary judgment, cases involving different sections of the statute, and cases pre-dating *Kaniewski*. This first purported distinction is especially curious in light of the fact that *Kaniewski* itself was decided on summary judgment. *See* 678 F. Supp. 2d at 544 n.2.

7

*Dutton v. Wolhar*, 809 F. Supp. 1130, 1134-35 (D. Del. 1992).

For these reasons, the Court rejects defendant's argument that the Court should follow *Kaniewski* and impose a general rule, unsupported in the statute, that a plaintiff who understands that he is not the true target of the defendant's debt collection efforts may not assert a claim under Sections 1692d, 1692e, or 1692f of the FDCPA. Accordingly, the Court denies defendant's motion to dismiss on this basis.[4]

Defendant also moves to dismiss plaintiff's original complaint on the ground that plaintiff has not pleaded sufficient facts under the standard announced by the Supreme Court in *Twombly*. In light of plaintiff's motion to amend that complaint—as well as the fact that, even if plaintiff's original allegations were insufficient under *Twombly*, the Court would give plaintiff an opportunity to amend to cure that deficiency—the Court denies this portion of defendant's motion as moot. The Court will instead examine the sufficiency of plaintiff's proposed amended pleading, in the context of defendant's argument that the amended allegations remain deficient and the proposed amendment would therefore be futile. *See infra* Part II. Accordingly, defendant's motion to dismiss is denied in its entirety.

---

[4] As defendant has limited its argument to the imposition of this general rule, the Court does not consider whether any of the particular subsections of the FDCPA on which plaintiff relies may apply only to actual debtors. *See Wright*, 22 F.3d at 649-50 (any aggrieved party, including a non-debtor, may assert a claim under Section 1692e "absent a limitation in the substantive provisions" of that section).

## II. Plaintiff's Motion to Amend

Plaintiff seeks leave to file an amended complaint. In its reply brief in support of this motion, plaintiff argues that he may amend as a matter of course under Fed. R. Civ. P. 15(a) because defendant has not yet filed a "responsive pleading" (i.e., an answer). Although plaintiff may have been correct under the former version of Rule 15(a), the rule was amended effective December 2009. Under the amended Rule 15(a), a party may amend as a matter of course only within 21 days after service of the original pleading; or within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever has been filed earlier by the opposing party. *See* Fed. R. Civ. P. 15(a)(1). In this case, plaintiff sought leave to amend more than 21 days after defendant filed its motion to dismiss; accordingly, plaintiff may not amend his complaint at this time as a matter of course.

If a party may not amend its pleading as a matter of course, it may amend only with consent of the opposing party or the court's leave, and "[t]he court should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a). A district court, however, may dismiss a complaint without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). Moreover, in determining whether to grant leave to amend, the court may consider such factors as undue delay on the part of the plaintiff in raising the claim, *Smith v. Aztec Well Serv. Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006), bad faith on the part of the moving party and any undue prejudice to the opposing party

by virtue of allowance of the amendment, *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Ultimately, whether to grant leave to amend a complaint is within the discretion of the district court. *Lind v. Aetna Health, Inc*., 466 F.3d 1195, 1199 (10th Cir. 2006).

In opposing plaintiff's motion to amend, defendant argues only that the amendment would be futile, based on the same arguments raised by defendant in its motion to dismiss. The Court has already rejected defendant's argument that plaintiff's claims are barred because he was not the debtor. The Court thus turns to the sufficiency of the allegations in plaintiff's proposed amended complaint under the *Twombly* standard to determine whether amendment of plaintiff's complaint would be futile.

In his proposed amended complaint, plaintiff has added factual allegations as follows: the debt at issue was incurred by "a person named Rachel and/or some other unknown person;" plaintiff has identified the telephone numbers to which the calls were placed and one telephone number of defendant from which calls were made; and upon information and belief, defendant possesses recordings of the calls to plaintiff, as well as logs and/or electronic records of those calls. Plaintiff then links specific conduct by defendant to sections of the FDCPA under which he asserts claims, as follows:

> 15. During the telephone calls representatives, employees and/or agents of the Defendant continued to contact Plaintiff after he repeatedly advised them he was not the person whom they were seeking, as well as caused his telephone to ring continually in violation of [15] U.S.C. 1692d preface and d(5), repeatedly falsely promising to remove his number from Defendant's collection system in violation of FDCPA 1692e preface and e(10).

10

> 16. During the telephone calls representatives, employees and/or agents of the Defendant failed to meaningfully disclose the caller's identity in violation of [15] U.S.C. 1692d preface and d(6).

Finally, plaintiff alleges that these actions by defendant constituted harassment or abuse in violation of Section 1692d and specific subsections 1692d(5) and d(6) of the FDCPA, and they constituted false or misleading representations in violation of Section 1692e and specific subsections 1692e(2)(A) and e(10) of the FDCPA.[5]

In its motion to dismiss on *Twombly* grounds, defendant noted that plaintiff had not pleaded facts to show, for example, the date on which plaintiff first received a call, how many calls he received, or the specific content of those calls, with an explanation as to how they were allegedly false, misleading, or harassing. The Court does not agree that such specificity is required in this case. The Tenth Circuit has stressed that, in applying the *Twombly* standard, "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context," and thus depends on the "type of case" at issue. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231-32 (3d Cir. 2008)). Thus, the Tenth Circuit has noted that a simple negligence action based on an automobile accident may require minimal factual allegations. *See id.* Similarly, this Court has refused to require detailed factual

---

[5]In his proposed amended complaint, plaintiff has abandoned claims asserted in his original complaint under Section 1692f and other subsections of Sections 1692d and 1692e of the FDCPA.

allegations to support a straighforward FLSA claim for overtime compensation. *See McDonald v. Kellogg Co.*, 2009 WL 1125830, at *2 (D. Kan. Apr. 27, 2009) (Lungstrum, J.).

The present case involves straightforward claims for violations of specific sections of the FDCPA based on telephone calls from defendant to plaintiff. Plaintiff has linked his claims under Section 1692d and subsection 1692d(5) to his factual allegation that defendant continually called him after he had repeatedly advised it that he was not the debtor that it was seeking. Plaintiff has linked his claims under Section 1692e and subsection 1692e(10) to his factual allegation that defendant repeatedly and falsely promised to remove his number from its system. Plaintiff has linked his claims under Section 1692d and subsection 1692d(6) to his allegation that, in these calls from defendant, the caller failed to disclose his or her identity meaningfully. Thus, plaintiff's claims based on these provisions are not merely conclusory, and the factual allegations supporting these claims provide defendant with fair notice of plaintiff's straightforward claims under the FDCPA. Accordingly, the Court concludes that plaintiff's proposed amended complaint contains sufficient factual allegations under the *Twombly* standard with respect to plaintiff's claims under Sections 1692d and 1692e and subsections 1692d(5), 1692d(6), and 1692e(10) of the FDCPA.

The Court also notes, however, that the proposed amended complaint does not identify the specific conduct on which the claim under subsection 1692e(2)(A) is based. The Court therefore concludes that the proposed complaint is deficient with respect to

that specific claim.[6]

Thus, the Court concludes that the amendment proposed by plaintiff would not be futile, with the exception noted above. Defendant has not identified any other reason to deny plaintiff's request for leave to amend in this case. Therefore, the Court exercises its discretion to grant plaintiff leave to amend his complaint, particularly because he has chosen to narrow and refine his statutory claims.

Accordingly, the Court grants plaintiff leave to amend his complaint, on the following terms. Plaintiff should file his amended complaint on or before **May 28, 2010**. That complaint should mirror the proposed amended complaint submitted with plaintiff's motion to amend, with the following exception: plaintiff may either provide additional allegations to support a claim under subsection 1692e(2)(A) of the FDCPA or he may abandon that claim altogether. If plaintiff chooses to add allegations to support that claim, defendant would then be free to challenge the sufficiency of those allegations by subsequent motion, at its discretion.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion

---

[6]This provision prohibits the false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). At least one court has concluded that "debt collectors may be found in violation of subsection 1692e(2)(A) for mistakenly dunning the wrong individuals when they fail to exercise reasonable care in ascertaining the facts, such as by relying on information on which a reasonable person would not have relied." *See Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991). The proposed amended complaint does not allege any such lack of reasonable care, however.

13

to dismiss plaintiff's complaint (Doc. # 6) is **denied**.

IS FURTHER ORDERED BY THE COURT THAT plaintiff's motion for leave to file an amended complaint (Doc. # 11) is **granted**, on the terms set forth in this Order. Plaintiff shall file his amended complaint by **May 28, 2010**.

IT IS SO ORDERED.

Dated this 20th day of May, 2010, in Kansas City, Kansas.

                                                s/ John W. Lungstrum\
                                                John W. Lungstrum\
                                                United States District Judge